```
               UNITED STATES DISTRICT COURT
                MIDDLE DISTRICT OF FLORIDA
                   FORT MYERS DIVISION
```

HERENGRACHT GROUP LLC, a Nevada
limited liability company,

           Plaintiff,

vs.                                    Case No. 2:10-cv-362-FtM-29SPC

AMERICAN TOMBOW, INC., a Georgia
corporation,

           Defendant.
_____

## OPINION AND ORDER

This matter comes before the Court on Defendant's Motion to Dismiss, and Alternatively Stay or Transfer with Supporting Memorandum of Law (Doc. #17) filed on August 2, 2010. Plaintiff filed a Response on September 8, 2010. (Doc. #20.) Defendant filed a Reply (Doc. #23) withdrawing the issue of plaintiff's standing to sue and noting that the request for a stay was moot.

### I.

Plaintiff Herengracht Group LLC (plaintiff or Herengracht), filed a one-count Complaint alleging a claim of false patent marking in violation of 35 U.S.C. § 292. Section 292(a) states in relevant part: "Whoever marks upon, or affixes to, or uses in advertising in connection with any unpatented article, the word 'patent' or any word or number importing that the same is patented for the purpose of deceiving the public . . . [s]hall be fined not

more than $500 for every such offense." 35 U.S.C. § 292(a). The statute further provides that "[a]ny person may sue for the penalty, in which event one-half shall go to the person suing and the other to the use of the United States." 35 U.S.C. § 292(b). Thus, this is one of four remaining *qui tam* statutes. <u>Vt. Agency of Natural Res. v. United States ex rel. Stevens</u>, 529 U.S. 765, 768 n.1 (2000).

To state a claim, plaintiff must allege four basic elements: (1) that a word or number indicating an article is patented (2) was marked upon, affixed to, or used in advertising in connection with (3) an article which was in fact not covered by the patent, (4) for the purpose of (the intent of) deceiving the public. <u>See</u> <u>Clontech Labs., Inc. v. Invitrogen Corp.</u>, 406 F.3d 1347, 1351 (Fed. Cir. 2005). The first three elements are typically summarized as being that the item must be "falsely marked." Because the statute is penal in nature, it must be strictly construed. <u>Brose v. Sears, Roebuck & Co.</u>, 455 F.2d 763, 765 (5th Cir. 1972). An article whose patent is expired is "unpatented." <u>Pequignot v. Solo Cup Co.</u>, 608 F.3d 1356, 1361 (Fed. Cir. 2010).

The Court ignores the various "shotgun" allegations in the Complaint which are irrelevant in reading and evaluating the Complaint. What is left is the following: Defendant American Tombow, Inc. (defendant or Tombow) manufactures and markets Tombow Mono Correction Tape Products which are marked "Licensed under U.S.

Patent 4851076." (Doc. #1, ¶¶ 10-11.) United States patent number 4,851,076 (the '076 patent) expired on November 13, 2007. (Id. at ¶ 12.) A product marked with an expired patent is not currently patented by the expired patent. (Id. at ¶ 14.) Tombow "is a sophisticated company which has nearly two decades of experience with applying for, obtaining, licensing, and litigating patents, and knows (itself or by its representatives or agents), at least constructively, that patents expire (i.e., that they do not have an indefinite duration)." (Id. at ¶ 15.) Additionally, Tombow "knows, or at least should know (itself or by its representatives or agents), that the ['076 patent] is expired." (Id. at ¶ 16.) Because the expiration of a patent extinguishes any rights that may have existed under it, Tombow "cannot have any reasonable belief that the [marked] products are covered, including under a license, by the expired patent." (Id. at ¶ 17.) Therefore, plaintiff alleges that Tombow "has falsely marked its Mono Correct Tape Products with the intent to deceive the public, in violation of 35 U.S.C. § 292(a)." (Id. at ¶ 18.)

**II.**

Tombow moves to dismiss the Complaint under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. Tombow invites the Court to review the allegations in the Complaint under the heightened requirements of Federal Rules of Civil Procedure 9(b) because the claim is based on fraud. The district courts have

split on the issue of whether a claim under § 292 must be evaluated under the Rule 9 fraud pleading standards. See, e.g., Third Party Verification, Inc. v. Signaturelink, 492 F. Supp. 2d 1314, 1327 (M.D. Fla. 2007); Juniper Networks v. Shipley, 2009 U.S. Dist. LEXIS 40978, 2009 WL 1381873, at *4 (N.D. Cal. May 14, 2009). Because the instant Complaint does not even comply with the ordinary pleading rules of Rule 8, there is simply no need to address that issue.

In deciding a Rule 12(b)(6) motion to dismiss, the Court must accept all factual allegations in a complaint as true and take them in the light most favorable to plaintiff. Erickson v. Pardus, 551 U.S. 89 (2007); Christopher v. Harbury, 536 U.S. 403, 406 (2002). Generally, a complaint is required to satisfy the pleading requirements of Rule 8 by providing a short plain statement showing an entitlement to relief, which "give[s] the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Swierkiewicz v. Sorema N.A., 534 U.S. 506, 512 (2002). "To survive dismissal, the complaint's allegations must plausibly suggest that the [plaintiff] has a right to relief, raising that possibility above a speculative level; if they do not, the plaintiff's complaint should be dismissed." James River Ins. Co. v. Ground Down Eng'g, Inc., 540 F.3d 1270, 1274 (11th Cir. 2008)(citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555-56 (2007)). See also Edwards v. Prime, Inc., 602 F.3d 1276, 1291

(11th Cir. 2010). Thus, the Court generally engages in a two-step approach: "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." <u>Ashcroft v. Iqbal</u>, 129 S. Ct. 1937, 1950 (2009).

Allegations of intent or knowledge may be plead generally, even under Rule 9(b). <u>Mizzaro v. Home Depot, Inc.</u>, 544 F.3d 1230, 1237 (11th Cir. 2008). However, the Complaint fails to allege that the Tombow Mono Correction Tape Products were marked after the expiration of the patent. The conclusory, generic allegation in Paragraph 10 is insufficient. The Complaint also fails to allege that Tombow knew of the expiration of the patent at the time any of the Tombow Mono Correction Tape Products were marked. Knowing generally that patents expire is not sufficient, since "determining the expiration date of a patent can, at times, be difficult." <u>Pequignot</u>, 608 F.3d at 1362. Without more specific factual allegations of knowledge, there is no good faith basis for plaintiff to allege an intent to deceive the public. The factual allegations in the Complaint about the Tombow Mono Correction Tape Products do not provide a basis for the Court to find a plausible cause of action.

Defendant alternatively seeks to transfer this case to the United States District Court for the Northern District of Georgia,

pursuant to 28 U.S.C. § 1404. This argument is moot unless a sufficient amended complaint is filed.

Accordingly, it is now

**ORDERED:**

1. Defendant's Motion to Dismiss, and Alternatively Stay or Transfer (Doc. #17) is **GRANTED IN PART AND DENIED AS MOOT IN PART.** The Motion to Dismiss is granted, and the Complaint is dismissed without prejudice. The Requests for a stay and a transfer are denied as moot.

2. Plaintiff may file an Amended Complaint within **twenty-one (21) days** of the date of this Opinion and Order.

**DONE AND ORDERED** at Fort Myers, Florida, this __30th__ day of December, 2010.

JOHN E. STEELE
United States District Judge

Copies:
Counsel of record